UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MOORHEAD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EMPLOYMENT SCREENING SERVICES, INC.,<br><br>　　　　　　　　　　　Defendant. | Case No.: 17-cv-1830-GPC-KSC<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**[DKT. NO. 21]** |

On May 23, 2018, Plaintiff Joseph Moorhead filed a Motion for Leave to File Second Amended Complaint. Dkt. No. 21. Defendant Employment Screening Services, Inc. ("ESS") filed a response on June 6, 2018. Dkt. No. 25. On June 7, 2018, Plaintiff filed a Reply. Dkt. No. 26.

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. Having considered the moving papers, the Court **GRANTS** Plaintiff's Motion to File a Second Amended Complaint.

## I.　LEGAL STANDARD — LEAVE TO AMEND

Federal Rule of Civil Procedure ("Rule") 15(a) provides that leave to amend shall be freely given when justice so requires and the standard is applied liberally. Fed. R. Civ.

P. 15(a). However, once a district court has established a deadline for amended pleadings, and that deadline has passed, Rule 16 applies. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992). Because Plaintiff filed the instant motion to amend on May 23, 2018 and the deadline to file an amended pleading—as established by Judge Crawford's Scheduling Order—passed on April 9, 2018, Rule 16 governs Plaintiffs' motion for leave to amend.[1] *See* Dkt. No. 18; *Johnson*, 975 F.2d at 608 (Plaintiff's "ability to amend his complaint was governed by Rule 16(b), not Rule 15(a).").

Rule 16 provides that a pretrial scheduling order can only be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b). "Good cause" focuses on the diligence of the party seeking an amendment. *Johnson*, 975 F.2d at 609. The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* In general, the focus of the diligence inquiry is on the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading. *See Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002); *Kimble v. ADT Sec. Servs.*, 2018 WL 1898556, at *2 (S.D. Cal. Apr. 20, 2018); *Smith v. United States*, 2007 WL 2554142, at *2 (N.D. Cal. 2007). Prejudice to the non-moving party, though not required under FRCP 16(b), can supply additional reasons to deny a motion. *Coleman*, 232 F.3d at 1295. The Ninth Circuit has held that "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609; *see Sugita v. Parker*, 13cv118-AWI-MJS(PC), 2015 WL 5522078, at *2 (E.D. Cal. Sept. 16, 2015) (counsel's carelessness or inadvertence fails to establish "good cause"). Rule 16's good cause standard is more stringent that the

---

[1] Plaintiff initially presented his motion for leave to amend under Rule 15, but raised arguments under Rule 16 on Reply. *See* Dkt. No. 21, 26.

liberal amendment standard under Rule 15. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).

As discussed in *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992), the "Rule 16 'good cause' standard primarily considers the diligence of the party seeking amendment."  Here, Plaintiff seeks to add a new cause of action based on 15 U.S.C. § 1681i for failure to conduct a reasonable investigation into Plaintiff's dispute, as well as new facts to support alleged violations of 15 U.S.C. § 1681e and 15 U.S.C. § 1681k.  Dkt. No. 21 at 4.  Plaintiff asserts, through a declaration by counsel, that these facts could not have been obtained without formal discovery from Defendant.  Hartman Decl. ¶¶ 4-7.  Plaintiff asserts that his counsel has been diligent as the deposition of Defendant's 30(b)(6) deponent took place on April 27, 2018, and counsel filed a motion for leave to amend less than four weeks later.  Dkt. No. 26 at 7.  Defendant opposes Plaintiff's request only to the extent that it seeks to add a new cause of action under 15 U.S.C. § 1681i.  Dkt. No. 25 at 2 n.1.  As to Plaintiff's request to add additional facts to existing causes of action, Defendant asserts that the addition of these new facts is unnecessary at this stage of the litigation where the motion to dismiss stage has already passed and the additional facts merely expand on previously asserted allegations.  *Id.*

## II.   DISCUSSION

The focus of the diligence inquiry is "on the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading." *Kimble v. ADT Sec. Servs.*, 2018 WL 1898556, at *2 (S.D. Cal. 2018).  Here, Plaintiff engaged in significant discovery between April 2, 2018 and April 27, 2018 that led to the discovery of facts sufficient to set a foundation for the pleading of the new cause of action under 15 U.S.C. § 1681i.  Hartman Decl. ¶ 4.  In particular, a 30(b)(6) deposition did not take place until April 27, 2018.  *Id.* Plaintiff's counsel asserted that he required time to draft a motion for leave to amend and this motion was filed on May 23, 2018.

The Court concludes that this twenty-six day period between the discovery and confirmation of the additional facts and the filing of the motion constitutes reasonable diligence. *See Michel v. United States Customs and Border Protection*, 2017 WL 3605332, at *2 (S.D. Cal. 2017) (finding good cause to amend complaint where approximately one month passed between date of discovery and filing of motion for leave to amend); *Chesemore v. All. Holdings, Inc.*, 284 F.R.D. 416, 418 (W.D. Wis. 2012) (allowing leave to amend where there was a six week delay between discovery of information and filing of motion for leave).

The Court also considers whether Plaintiff has been on notice from the onset of the case as to this potential cause of action. Plaintiff has asserted that the "information learned was obtained in discovery which could not have been known or verified prior to engaging in discovery." Hartman Decl. ¶ 6. Defendant argues that these allegations have been known to Plaintiff prior to the filing of his initial complaint. Dkt. No. 25. In contrast, Plaintiff argues that he could not have known that additional dates of publication were reported and that Defendant relied exclusively upon the Megan's Law website without consultation of court records when preparing its reports. The Court agrees with Plaintiff. The newly alleged facts, particularly regarding the re-investigation cause of action, are the types of facts that Plaintiff "could not have verified before discovery because such information was only known to Defendant prior to such discovery." *See* Hartman Decl. ¶ 16. They are the type of facts that Plaintiff could not have speculatively raised because they were only in Defendant's possession prior to discovery.

Accordingly, given the relatively short time frame in which Plaintiff discovered the facts and raised a motion for leave to amend and the fact that these facts were not known to Plaintiff at the time the First Amended Complaint was filed, the Court concludes that Plaintiff has demonstrated diligence under Rule 16 sufficient to constitute "good cause." *See Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 707 (D. Md. 2011)

(finding good cause to allow leave to amend counterclaims to conform them to evidence "first learned in the course of discovery.").

Furthermore, fact discovery in this case does not cut-off until November 4, 2018.[2] Consequently, Defendant will not be significantly prejudiced by the amendments. No motions for summary judgment or indeed any motions at all have been filed by Defendant and trial has not been set. Defendant has not yet taken Plaintiff's deposition. Plaintiff has also not demonstrated bad faith and the Second Amended Complaint's additional facts and cause of action do not appear to be clearly futile. Accordingly, the Court will allow leave to amend. *See Robinson v. Heritage Elementary Sch.*, No. CV-09-0541-PHX-LOA, 2010 WL 396307, at *1 (D. Ariz. Feb. 1, 2010) (allowing leave to amend and finding "good cause" for amendment where discovery was on-going and Plaintiff had been reasonably diligent).

## CONCLUSION

Plaintiff's Motion for Leave to File Second Amended Complaint is **GRANTED**. Plaintiff should file his Second Amended Complaint within **Three Business Days** of the entry of this Order. Defendant may respond to this amended pleading within 21 days after service is completed. The hearing currently set for July 27, 2018 is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 23, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] On June 19, 2018, this Court extended the discovery cut-off in this case to November 4, 2018 following a *joint motion* to extend the deadlines in this case by ninety days. Dkt. Nos. 27-28.